**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN W. BERGE, III, | No. 11-35428 |
| Petitioner - Appellant, | D.C. No. 3:05-cv-00290-RRB |
| v. | |
| MARC ANTRIM, | MEMORANDUM[*] |
| Respondent - Appellee, | |
| FRANK LUNA, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted May 22, 2013
Anchorage, Alaska

Before: TASHIMA, TALLMAN, and N.R. SMITH, Circuit Judges.

Alaska state prisoner John W. Berge, III, appeals the district court's denial

of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. Berge waived his claim that police obtained his confession in violation of his Sixth Amendment right to counsel when trial counsel failed to press the state trial court for a ruling on this issue. Failure to press for a ruling constitutes forfeiture of the claim under Alaska state law. *See, e.g.*, *Marino v. State*, 934 P.2d 1321, 1327 (Alaska Ct. App. 1997). Procedural default under state law is an independent and adequate state ground for the Alaska Court of Appeals' denial of this claim, thus barring our review. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991), *superseded by statute on other grounds*, 28 U.S.C. § 2254(b)(2). Even were we to reach the merits of this claim, Berge concedes that there is no clearly established federal law on point.

2. The Alaska Court of Appeals' denial of two of Berge's ineffective assistance of counsel claims was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

(a) Even if counsel had pursued a ruling on the Sixth Amendment issue, the motion would have been denied. First, the Alaska Court of Appeals recognized there is a split in authority on when the right to counsel attaches. Second, even if Berge pressed for a ruling on this issue, the Alaska Court of Appeals did not unreasonably apply *Patterson v. Illinois*, 487 U.S. 285, 296–97 (1988), when it

concluded that, even assuming the right to counsel had attached, Berge waived that right.

(b) When defense counsel moved to have Berge's right-to-silence statements suppressed in full, the trial court denied the motion. It was not objectively unreasonable for the state court to conclude that Berge failed to show ineffective assistance of counsel where counsel could have thereafter made a tactical decision to allow the jury to hear portions of Berge's statements, because those statements bolstered Berge's claim of innocence. Moreover, it was also not objectively unreasonable for the state court to conclude that, after the statements were admitted, Berge's counsel could not have challenged the prosecutor's cross-examination of Berge on those statements.

3. Berge's last ineffective assistance of counsel claim is waived for failure to raise it in the amended § 2254 petition. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012). Even if not waived, the Alaska Court of Appeals' conclusion that counsel was not incompetent for failure to hire a ballistics expert was not an unreasonable application of *Strickland*. The state court concluded reasonably that, even if ballistics evidence could have bolstered counsel's arguments to the jury about the implausibility of Berge's confession, the State *conceded* it could not prove the range or distance at which Taylor was shot.

Instead, the prosecutor's theory focused on the details of Berge's confession (e.g., he described shooting Taylor with four bullets before the body was found), not ballistics. Where defense counsel sought to prove Taylor was still alive at the time of Berge's confession, as well as raise other implausibilities including ballistic evidence, the state court's finding that Berge did not overcome the presumption of competent counsel was not objectively unreasonable.

**AFFIRMED.**